IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMUEL D. HEARNES, JR., | ) | CV F 02-6184 AWI SMS HC |
| Petitioner, | ) ) | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| v. | ) ) | |
| DAVID L. RUNNELS, Warden, | ) ) | (Document #53) |
| Respondent. | ) ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding pro se, is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 30, 2006, the court adopted the Magistrate Judge's Findings and Recommendations and denied the habeas corpus petition. The Clerk of the Court entered judgment the same day. On July 6, 2006, Petitioner filed a notice of appeal and an application for a certificate of appealability.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

>    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>      (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>      (B) the final order in a proceeding under section 2255.
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000). While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.    In the present case, the court finds that reasonable jurists would not disagree with the court's determination that Petitioner has failed to show that the state court's adjudication of Petitioner's claims was contrary to clearly established federal law or unreasonable.    In light of the evidence against Petitioner, Reasonable jurists would not debate the state court's finding that any trial counsel errors did not prejudice Petitioner.

Accordingly, the court hereby ORDERS that  Petitioner's application for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:   **July 28, 2006**                       **/s/ Anthony W. Ishii**
0m8i78                                             UNITED STATES DISTRICT JUDGE